UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

DANNY LEE BELCHER,                )
                                  )
    Petitioner,                   )    Civil Action No. 0: 08-132-HRW
                                  )
vs.                               )
                                  )
E.K. CAULEY,                      )    **MEMORANDUM OPINION**
                                  )    **AND ORDER**
    Respondent.                   )

\*\*\*\*  \*\*\*\*  \*\*\*\*

Danny Lee Belcher ("Belcher"), an inmate incarcerated at the Federal Correctional Institution in Ashland, Kentucky ("FCI-Ashland"), has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[R. 2] and paid the $5 filing fee. [R. 4]

This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002). As Belcher is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

**I.    Factual Background.**

On October 24, 2003, Belcher was arrested by Iowa authorities and charged with possession of methamphetamine with intent to deliver. On November 17, 2003, Belcher plead guilty to the charges and was sentenced to a 10-year term of incarceration.

While serving that state sentence, on March 15, 2005, Belcher was charged in federal court with conspiracy to distribute methamphetamine in violation of 18 U.S.C. §§ 841(a)(1); 841(b)(1)(B)(viii); 846; and 851. On December 16, 2005, Belcher was sentenced to a 10-year term of incarceration on those charges, to be served concurrently with the pre-existing state sentence. *United States v. Belcher*, 05-CR-4027, Northern District of Iowa. Belcher was then returned to state custody to serve the remainder of his Iowa sentence.

On July 31, 2006, Belcher completed service of his state sentence and was delivered to the Bureau of Prisons ("BOP") to begin service of the remainder of his federal sentence. The BOP determined that for purposes of 18 U.S.C. § 3585(a), Belcher commenced service of his federal sentence on December 16, 2005, the date it was imposed. The BOP also credited Belcher with additional days for pre-sentencing credit under 18 U.S.C. § 3585(b).

Belcher states that certain BOP staff informed him that, had the federal trial court in Iowa been sufficiently specific on this point, he could have been awarded an additional 760 days pre-sentencing credit if the trial court expressed its intention that his federal sentence run "fully" concurrent with his state sentence, meaning the two sentences would both have commenced on November 17, 2003. On November 28, 2006, Belcher sent a "letter-motion" to the federal trial court seeking clarification on this point, and the court ordered the United States to respond. Belcher indicates that this matter remains pending.

Documents attached to the petition indicate that Belcher has administratively exhausted his claim through the BOP's inmate grievance process. 28 C.F.R. § 542.15 *et seq*.

In his petition, Belcher asserts that the BOP misunderstands the nature of his request as one seeking additional pre-sentence credit under Section 3585(b). Belcher contends that he merely seeks

2

proper application of the sentencing court's expressed intention under Section 3584(a) that his federal sentence running concurrently with his previously-imposed state sentence such that they both commence on the same date: November 17, 2003.

## II. Discussion.

Although couched in various terms, fundamentally Belcher challenges the BOP's refusal to deem his federal sentence as having commenced prior to its imposition. His petition makes clear his belief that because the federal district court ordered his federal sentence to run concurrently with his previously-imposed state sentence, the BOP must consider his federal sentence to have commenced on the same date as his prior Iowa state sentence, on November 17, 2003.

As a general rule, a term of incarceration commences on the date that the BOP takes custody of the prisoner to commence service of his federal sentence. 18 U.S.C. § 3585(a). To give due effect to this statutory provision, even where a sentencing court orders a federal sentence to run concurrently with a pre-existing state sentence, the federal sentence is deemed to run concurrently only with the *undischarged* portion of the prior state conviction. *See United States v. Tackles*, 2003 WL 1849350 (10th Cir. 2003); *Bianco v. Minor*, 2003 WL 21715347, **10-15 (M.D. Pa. 2003).

In support of his argument that his federal sentence should commence prior to the date of its imposition, Belcher relies upon the Third Circuit's decision in *Ruggiano v. Reish*, 307 F.3d 121 (3rd Cir. 2002). There, the Third Circuit held that where a sentencing court orders a new federal sentence to run "concurrently" with a previously-imposed state sentence as authorized by 18 U.S.C. § 3584, the sentencing court may intend to effect a downward "adjustment" in the length of the term of incarceration to account for the prior sentence, an approach permitted under U.S.S.G. § 5G1.3. *Ruggiano*, 307 F.3d at 129-31. In doing so, the Court acknowledged that two other circuit courts

3

of appeal had rejected that reading of the statute and guidelines. *Ruggiano*, 307 F.3d at 130 (*citing United States v. Fermin*, 252 F.3d 102 (2nd Cir. 2001).

However, as this Court has previously noted, *Howze v. Dewalt*, 06-240-JMH, Eastern District of Kentucky, while the Sixth Circuit has never expressly rejected *Ruggiano* in a published opinion, established precedent within the circuit rejects its underlying rationale. The Sixth Circuit has held that any attempt to "adjust" the commencement date of the federal sentence would violate Section 3585(a). *Doan v. Lamanna*, 2001 WL 1299260 (6th Cir. 2001) (unpublished disposition) ("Doan apparently argues that the Georgia sentence should have been run concurrently with the entire 51-month term of the [pre-existing] Florida sentence. However, under §3585(a), a sentence to a term of imprisonment begins on the date the defendant is received into custody. Consequently, his Georgia sentence could not begin to run until after his sentencing in October 1998."); *United States v. Wells*, 2007 WL 51483, *4 (6th Cir. 2007) (unpublished disposition) ("[B]ecause Wells was not in custody awaiting transport to a federal prison on the date his sentence was imposed [under 18 U.S.C. §3585(a)], the district judge had no statutory authority to order that the defendant's federal sentence should 'commence' on that date.")

In addition, shortly after *Ruggiano* was decided, a new application note 3(E) to the Sentencing Guidelines was promulgated which abrogated its holding. U.S.S.G. Manual, § 5G1.3 cmt. n. 3(E) (2003) ("subsection (c) does not authorize an adjustment of the sentence for the instant offense for a period of imprisonment already served on the undischarged term of imprisonment."). The Third Circuit has recognized this abrogation. *United States v. Destio*, 153 Fed.Appx. 888, 894 n.6 (3rd Cir. 2005) ("Although application note 3(E) clearly allows a district court to give credit for time served on a pre-existing sentence in extraordinary circumstances, it also clearly states that such

a credit is properly deemed a downward departure and not an adjustment. ... Thus, to the extent it is contradicted by application note 3(E), we believe that *Ruggiano* is abrogated by the new commentary contained in the Guidelines."). Because Belcher was sentenced on December 16, 2005, he is subject to the new application note.

Accordingly, a sentencing court may only "adjust" a federal sentence in light of a prior undischarged term of state incarceration through a downward departure made in accordance with the sentencing guidelines. Belcher acknowledges that he was sentenced to the statutory minimum sentence for violation of 21 U.S.C. §§ 841, 846, 120 months. [R. 2 at pg. 8] Because Belcher was subject to a statutory minimum sentence, the district court lacked the authority to downward depart from that sentence for any reason save for substantial assistance under 18 U.S.C. § 3553(e), *United States v. Burke*, 237 F.3d 741, 744 (6th Cir. 2001), or the "safety valve" provisions of 18 U.S.C. § 3553(f) applicable to convictions under the Controlled Substances Act, including 21 U.S.C. §§ 841, 846, 851. Section 3553(f) permits a sentencing court to impose a sentence governed by the Sentencing Guidelines in lieu of the statutory minimum sentence when the defendant was found to have violated 21 U.S.C. § 841, 844, or 846 and the district court makes the 5 factual findings required by Section 3553(f)(1)-(5). However, a review of the docket in Belcher's criminal case and the Judgment and Commitment Order makes clear that no such downward departure was sought nor were such findings made. For the foregoing reasons, Belcher's petition for a writ of habeas corpus will be denied.

**III.    Conclusion.**

Accordingly, **IT IS ORDERED** that:

1.      Belcher's petition for a writ of habeas corpus [R. 2] is **DENIED**.

5

2. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This February 24, 2009.

J